UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 3:07-CR-182-J-33MCR

SHAUN MICHAEL JACKSON
_____/

**ORDER**

This cause comes before the Court for consideration of the effect of 18 U.S.C. § 3582(c)(2) and Amendment 750 on Defendant Shaun Jackson's sentence. For the reasons that follow, the Court finds that Defendant is ineligible for a sentence reduction.

**I. Background**

On November 15, 2007, Defendant Jackson pled guilty to counts one and two of the indictment (Doc. # 1) charging distribution of cocaine base and possession of cocaine base with intent to distribute. (Doc. # 24). On March 27, 2008, this Court sentenced Defendant to 262 months imprisonment on count two and 240 months imprisonment on count one, to run concurrently, followed by concurrent terms of supervised release. (Doc. # 32).

On August 1, 2008, Defendant filed a Motion Requesting Appointment of Counsel to Assist in re Title 18 U.S.C. § 3582(c)(2) Motion, Pursuant to Amendment 706. (Doc. # 34).

This Court denied Defendant's motion on August 19, 2008 (Doc. # 35) finding Defendant's sentence was not subject to reduction as he was sentenced after the effective date of Amendment 706. Thereafter, on November 1, 2011, this Court requested the parties and the United States Probation Office brief the Court as to whether Defendant would be eligible for a sentence reduction pursuant to Amendment 750. (Doc. # 37).

The United States filed its submission regarding Defendant's eligibility as to Amendment 750 on November 28, 2011 (Doc. # 43) and Defendant filed his response (Doc. # 46) on January 17, 2012. Thereafter, on July 5, 2011, Defendant filed a supplemental response. (Doc. # 47). After reviewing these submissions, the Court determines that Defendant is not eligible for a sentence reduction.

## II. **Analysis**

The United States Sentencing Commission promulgated Amendment 750 lowering the base offense level specified in U.S.S.G. § 2D1.1 for cocaine base (crack cocaine) offenses as of November 1, 2011. The Commission decided that Amendment 750 should be applied retroactively. Section 3582(c)(2) gives the district court the discretion to modify a term of imprisonment after it has been imposed as follows:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Section 1B1.10(a) of the Sentencing Guidelines provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) when "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a). However, a reduction in sentence is not authorized under § 3582(c) if the covered amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

When a defendant's base offense level was determined according to the career offender guidelines and not the drug quantity table, Amendment 750 does not have the effect of lowering the defendant's applicable guideline range. In United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), the Eleventh Circuit held that career offenders were not eligible for reductions in sentence based on the 2008

retroactive crack amendment (Amendment 706) because their sentences were "based on" the career offender guidelines, not the crack guidelines. This is so because a career offender is sentenced under

> § 4B1.1.; a reduction to the base offense level under
> § 2D1.1 would not affect the sentencing range. Id. at 1327-30. To the extent that a defendant may seek to challenge his career offender status, this Court lacks authority to revisit that determination in a § 3582(c)(2) proceeding. Dillon v. United States, 130 S.Ct. 2683, 2694 (2010).

Defendant concedes that the record supports a finding that he qualified to be sentenced as a career offender. (Doc. # 46). He further recognizes that the stated reasons for Amendment 750 suggest that those sentenced as career offenders would be unaffected by the Amendment. Nonetheless, Defendant asks this Court to consider Freeman v. United States, 131 S.Ct. 2685 (2011), in which the Supreme Court held that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytical framework the judge used to determine the sentence." Id. at 2692-93. The Court stated that sentencing guidelines should be corrected when they become "a cause of inequality, not a bulwark against it." Id. at 2690.

Defendant suggests that while Freeman involved the applicability of the retroactive amendment to a plea agreement, the language of the decision is broad enough to impact career offender cases. In particular, the Supreme Court noted that "a categorical bar on § 3582(c)(2) relief . . . would prevent district courts from making an inquiry that is within their own special knowledge and expertise." Id. at 2694. As such, § 3582(c)(2) "calls for an inquiry into the reasons for a judge's sentence." Id. at 2695. Thus, Defendant asserts that Freeman calls Moore's narrow interpretation of the phrase "based on" into question.

In his supplemental filing, Defendant cites a case in which a career offender was found to qualify for a reduced sentence subsequent to Freeman. In United States v. Ware, No. 08-625-01, 2012 WL 38937, at *2 (E.D. Pa. Jan. 9, 2012), the court found that a sentence within the defendant's guideline range was too harsh and granted a downward variance. The defendant later filed a motion for a modification of sentence, asking the district court to reduce his sentence pursuant to the Fair Sentencing Act of 2010 and the guideline amendments. Id. at *3. Relying heavily on the language from Freeman and the policy behind the retroactive crack cocaine amendments, the district court held that the defendant was eligible for relief under

Amendment 750. Ware, 2012 WL 38937 at *5-11. Specifically, the district court stated:

> Justice Sotomayor's concurring opinion defined "based on" in 18 U.S.C. § 3582(c)(2) as permitting a district court to reduce a defendant's sentence whenever the guideline range in question was "the basis or foundation" for the term of imprisonment that the court actually imposed.... "To ask whether a particular term of imprisonment is based on a Guidelines sentencing range is to ask whether that range serves as the basis or foundation for the term of imprisonment...As a result, in applying § 3582(c)(2) a court must discern the foundation for the term of imprisonment imposed by the sentencing judge."

Id. at *7-8 (quoting Freeman, 131 S.Ct. at 2695 (Sotomayor, J., concurring)).

Other circuits have disagreed, however. In United States v. Bonds, No. 11-3909, 2012 WL 1183699, at *1 (7th Cir. Apr. 10, 2012), the defendant asked the court to overrule its precedent as inconsistent with Freeman. The Seventh Circuit found that the decision in Freeman "has nothing to do with how retroactive amendments affect career offenders." Id. Freeman involved the effect the retroactive amendments might have upon a plea bargain specifying a particular term of imprisonment: "The Court held that because such an agreement might be based on a Guidelines range, the resulting sentence could be affected by a retroactive amendment. The career-offender Guideline, by

-6-

contrast, is based on the statutory maximum sentence for the offense." Id. (citations omitted).

More significantly, the Eleventh Circuit recently reiterated its position that a court may reduce a defendant's sentence pursuant to § 3582(c)(2) only if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement in U.S.S.G. § 1B1.10(a)(1). United States v. Baxter, No. 11-15664, 2012 WL 1192173, at *1 (11th Cir. Apr. 9, 2012).

> When determining whether a reduction is warranted, a court should determine the Guidelines range that would have been applicable had the relevant amendment been in effect at the time of the defendant's sentencing. In doing so, a court must only substitute the relevant amendment into the district court's original Guidelines calculations, and leave all other Guideline-application decisions unaffected. Where a retroactively applicable Guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2).

Id. Furthermore, courts in the Middle District have held recently that nothing in Freeman undermines Moore to the extent that a court should disregard Moore. See United States v. Daniels, No. 2:04-cr-87-FtM-29SPC, 2012 WL 405174, at *1 (M.D. Fla. Feb. 9, 2012); United States v.

contrast, is based on the statutory maximum sentence for the offense." Id. (citations omitted).

More significantly, the Eleventh Circuit recently reiterated its position that a court may reduce a defendant's sentence pursuant to § 3582(c)(2) only if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement in U.S.S.G. § 1B1.10(a)(1). United States v. Baxter, No. 11-15664, 2012 WL 1192173, at *1 (11th Cir. Apr. 9, 2012).

> When determining whether a reduction is warranted, a court should determine the Guidelines range that would have been applicable had the relevant amendment been in effect at the time of the defendant's sentencing. In doing so, a court must only substitute the relevant amendment into the district court's original Guidelines calculations, and leave all other Guideline-application decisions unaffected. Where a retroactively applicable Guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2).

Id. Furthermore, courts in the Middle District have held recently that nothing in Freeman undermines Moore to the extent that a court should disregard Moore. See United States v. Daniels, No. 2:04-cr-87-FtM-29SPC, 2012 WL 405174, at *1 (M.D. Fla. Feb. 9, 2012); United States v.

contrast, is based on the statutory maximum sentence for the offense." Id. (citations omitted).

More significantly, the Eleventh Circuit recently reiterated its position that a court may reduce a defendant's sentence pursuant to § 3582(c)(2) only if the relevant amendment is listed in U.S.S.G. § 1B1.10(c) and the reduction is consistent with the Guidelines' policy statement in U.S.S.G. § 1B1.10(a)(1). United States v. Baxter, No. 11-15664, 2012 WL 1192173, at *1 (11th Cir. Apr. 9, 2012).

> When determining whether a reduction is warranted, a court should determine the Guidelines range that would have been applicable had the relevant amendment been in effect at the time of the defendant's sentencing. In doing so, a court must only substitute the relevant amendment into the district court's original Guidelines calculations, and leave all other Guideline-application decisions unaffected. Where a retroactively applicable Guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his sentence was based, the district court is not authorized to grant a sentence reduction pursuant to § 3582(c)(2).

Id. Furthermore, courts in the Middle District have held recently that nothing in Freeman undermines Moore to the extent that a court should disregard Moore. See United States v. Daniels, No. 2:04-cr-87-FtM-29SPC, 2012 WL 405174, at *1 (M.D. Fla. Feb. 9, 2012); United States v.

Brandy, No. 6:11-cr-340-Orl-31DAB, Doc. # 11 (M.D. Fla. Jan. 31, 2012).

Defendant also cites two cases within the Eleventh Circuit in which a career offender was awarded a sentence reduction: United States v. Deveaux, No. 5:01-cr-11 (M.D. Ga. Feb. 15, 2012) and United States v. Ball, No. 3:01-cr-38 (N.D. Fla. Dec. 22, 2011). However, given the courts' lack of explanation, in particular with respect to distinguishing Moore, this Court finds that these cases should not be treated as persuasive authority.

After careful consideration of the arguments and authorities discussed above, the Court finds that Defendant is ineligible for relief pursuant to Amendment 750 because he is a career offender. A reduction in Defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with U.S.S.G. § 1B1.10. Furthermore, pursuant to United States v. Moore, the Court lacks the authority to reduce Defendant's sentence.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Shaun Michael Jackson is ineligible for a reduction in sentence pursuant to § 3582(c)(2) because he is a career offender.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>6th</u> day of July, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:
Office of the Federal Defender
United States Attorney's Office
United States Probation Office
Bureau of Prisons
U.S. Marshals Office
Any pro se party